UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EVANS INDUSTRIES, INC. ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-6423 |
| | c/w 07-9378 |
| LEXINGTON INSURANCE COMPANY | SECTION "L" (2) |

## ORDER AND REASONS ON MOTION

Plaintiffs, Asset Funding Group ("AFG") and Evans Industries, Inc. ("Evans"), filed a motion to quash a subpoena duces tecum served on American Construction Management Services ("ACMS") by defendant, Lexington Insurance Company. The subpoena was issued to ACMS because ACMS, on behalf of plaintiff Evans, investigated the alleged Hurricane Katrina-related damages that are the subject of this lawsuit. Plaintiffs argue that ACMS should not be required to produce materials sought by the subpoena because the request is premature and seeks production of materials that are privileged or otherwise protected from discovery. Record Doc. No. 35-2. Lexington filed a timely opposition memorandum. Record Doc. No. 39. Plaintiffs were granted leave to file a reply memorandum, to which they attached a privilege log. Record Doc Nos. 46, 48 and 49 (Exhibit F).

Having considered the record, the written submissions of the parties, and the applicable law, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART as follows.

Plaintiffs argue that Lexington's subpoena of ACMS is premature because ACMS (or its representative) is an expert witness for plaintiffs and that this discovery of their expert witness should be barred until after plaintiffs' expert disclosures and written reports are submitted. Rule 26 provides that "a party may not, <u>by interrogatories or deposition</u>, discover facts known or opinions held by an expert who has been retained . . . by another party in anticipation of litigation or to prepare for trial and who is <u>not</u> expected to be called as a witness at trial." Fed. R. Civ. P. 26 (b)(4)(B) (emphasis added). In this case, Lexington is requesting production of documents, tangible items which Rule 26 does <u>not</u> prohibit. More importantly, it is entirely unestablished at this stage of the proceedings that ACMS, and specifically its employee Dwaine Foster, is an expert witness who either may or will testify at trial. Plaintiffs' own motion papers assert that ACMS was "retained by Evans pursuant to a written contract dated October 16, 2005," Record Doc. No. 35-2 at p.1, almost two (2) years <u>before</u> this lawsuit was filed, <u>not</u> for purposes of serving as an expert witness, but "to assist in providing a construction estimate to repair damage" to the property that is the subject of this litigation. Record Doc. No. 49 at p. 1. The work of ACMS in this regard clearly included the accumulation

2

of factual data and information concerning the Hurricane Katrina damage for which plaintiffs seek recovery in this case. In addition, plaintiffs concede that "AFG and Evans have <u>not</u> yet determined whether ACMS will be called at trial." <u>Id.</u> at p.2 (emphasis added). Although plaintiffs have submitted <u>no</u> evidence with these motion papers sufficient to establish or clarify the role of ACMS as either a non-testifying consultant or a testifying expert, it appears from their motion papers that ACMS at a minimum is both a fact and an expert witness. Under these circumstances, Lexington may obtain production of non-privileged factual information, and the fact that ACMS may or may not be designated at some point in the future as a testifying expert at trial subject to the expert disclosure requirements of Rule 26(a)(2) is not an automatic bar to this discovery.

Plaintiffs also argue that materials responsive to the subpoena were prepared in anticipation of litigation or for trial and are therefore protected from discovery by Fed. R. Civ. P. 26(b)(3) or that they are privileged in some other way. Fed. R. Civ. P. 26(b)(3) provides that

> a party may obtain discovery of documents and tangible things [within the scope of discovery] and <u>prepared in anticipation of litigation or for trial</u> by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering the discovery of such materials when the required showing has been made, the <u>court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation</u>.

Fed. R. Civ. P. 26(b)(3) (emphasis added).  Plaintiffs as the parties seeking protection, bear the initial burden to show that the disputed materials are work product, i.e., that they were prepared in anticipation of litigation or for trial.  Guzzino v. Felterman, 174 F.R.D. 59, 63 (W.D. La. 1997) (Tynes, M.J.) (citing Hodges, Grant & Kaufmann v. United States, 768 F.2d 719, 721 (5th Cir. 1985)).

The Fifth Circuit has described the standard for determining whether a document has been prepared in anticipation of litigation as follows.  "We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation."  United States v. Davis, 636 F.2d 1028, 1039 (1981) (citations omitted) (emphasis added); accord In re Kaiser Alum. & Chem. Co., 214 F.3d 586, 593 (5th Cir. 2000); Guzzino, 174 F.R.D. at 63; Blockbuster Entertainment v. McComb Video, 145 F.R.D. 402, 404 (M.D. La. 1992) (Riedlinger, M.J.); Hill Tower, Inc. v. Department of Navy, 718 F. Supp. 562, 565 (N.D. Tex. 1988).

It is not dispositive that the persons who prepared the reports are not attorneys. Rule 26(b)(3) protects from discovery documents prepared by a party's agent, as long as they are prepared in anticipation of litigation or for trial.  As the Supreme Court explained:

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and

4

> prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

United States v. Nobles, 422 U.S. 225, 238-39 (1975).

In this context, the Seventh Circuit has held that

> the mere fact that litigation does eventually ensue does not, by itself, cloak materials . . . with the work product privilege; the privilege is not that broad. Rather, we look to whether in light of the factual context the document can fairly be said to have been prepared or obtained because of the prospect of litigation. . . . [I]t is important to distinguish between an investigative report developed in the ordinary course of business as a precaution for the remote prospect of litigation and materials prepared because some articulable claim, likely to lead to litigation, has arisen.

Logan v. Commercial Union Ins. Co., 96 F.3d 971, 976-77 (7th Cir. 1996) (quotations and citations omitted); accord National Union Fire Ins. Co. v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992); Hill Tower, Inc., 718 F. Supp. at 565 ("The mere fact this report deals with facts, opinions, and recommendations that later may be the focus of litigation does not establish that there was the expectation of litigation when this document was drafted.") (citing Senate of P.R. v. United States Dep't of Justice, 823 F.2d 574, 586 (D.C. Cir. 1987); Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 865 (D.C. Cir. 1980));C.A. Wright, A.R. Miller & R.L. Marcus, Federal Practice and Procedure § 2024, at 343-46 (1994) (hereinafter "Wright & Miller").

"The law is settled that 'excluded from the work product doctrine are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation.'" Guzzino, 174 F.R.D. at 62 (quoting United States v. El Paso Co., 682 F.3d 530, 542 (5th Cir. 1982) (citing Rule 26(b)(3) advisory committee notes)).

> Factors that courts rely on to determine the primary motivation for the creation of a document include the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance. If the document would have been created regardless of whether litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation.

Piatkowski v. Abdon Callais Offshore, L.L.C., No. 99-3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000) (Roby, M. J.) (citations omitted).

Thus, investigative reports that are routinely prepared after all incidents, regardless of the possibility of litigation, are prepared in the regular course of business and are not protected from discovery by Rule 26(b)(3). Louisiana Envtl. Action Network, Inc. v. Evans Indus., Inc., No. 95-3002, 1996 WL 325588, at *2 (E.D. La. June 11, 1996) (Duval, J.); Cochran v. St. Paul Fire & Marine Ins. Co., 909 F. Supp. 641, 645 (W.D. Ark. 1995); First Pac. Networks, Inc. v. Atlantic Mut. Ins. Co., 163 F.R.D. 574, 582 (N.D. Cal. 1995); Blough v. Food Lion, Inc., 142 F.R.D. 622, 624 (E.D. Va. 1992), vacated on other grounds, 4 F.3d 984 (4th Cir. 1993); Hill Tower, Inc., 718 F. Supp. at 567.

Importantly, the party resisting discovery by asserting any privilege bears the burden of proof sufficient to substantiate its privilege claim and cannot rely merely on a blanket assertion of privilege. High Tech Commc'ns, Inc. v. Panasonic Co., No. 94-1447, 1995 WL 45847, at * 1 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 721 (5th Cir. 1985)); In re Shell Oil Ref., 812 F. Supp. 658, 661 (E.D. La. 1993) (Mentz, J.).

> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, the proponent must substantiate all actual assertions about the claim. This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . . To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

P. Rice, Attorney-Client Privilege in the United States § 11:10 at 977-80 (Lawyers Cooperative 1993) (emphasis added).

In the instant case, Evans and AFG have failed at this time to carry their burden of proof to show as an evidentiary matter that materials responsive to the subpoena were prepared in anticipation of litigation or are privileged in any way. The mere assertion of a lawyer in a written memorandum that materials were prepared in anticipation of

litigation is not evidence sufficient to bear the burden. Plaintiffs produced neither affidavits nor documentation proffering any evidence that ACMS' files should be protected by either attorney-client privilege or work product doctrine or because they were prepared in anticipation of litigation.

On the contrary, the motion papers imply that ACMS was hired almost two years before this lawsuit was filed to investigate plaintiffs' alleged hurricane damage and prepare an estimate of repair costs. These are investigative and remedial functions that plaintiffs would reasonably be expected to have undertaken in the ordinary course of their business after Hurricane Katrina, without necessarily having been done in anticipation of litigation or in connection with expert witness services. There is nothing in this record sufficient to establish that all materials responsive to the subpoena are privileged or otherwise protected from discovery in any way.

However, the privilege log attached as Exhibit F to plaintiffs' reply memorandum lists 14 items which plaintiffs assert are protected from discovery by privilege or the work product doctrine. The descriptions of these items suggest that these items may be privileged or otherwise protected from discovery as core work product or by Rule 26(b)(3). Thus, the motion is granted in part as to the items specifically listed on the privilege log in that they need not be produced, at least at this time. Counsel are ordered to confer in good faith as required by Local Rule 37.1E concerning the items listed on

the privilege log to determine whether further motion practice and the submission of evidence might be appropriate, limited to the items listed on the log as to which privilege or work product status may remain in dispute.

In their reply memorandum, plaintiffs object generally that the subpoena is overly broad. This objection is overruled as to Item No. 1 and sustained as to Item No. 12. Items Nos. 2 - 11 are hereby modified to provide that responsive materials are limited to the time period August 29, 2005 to the present. In addition, all parties are instructed that they must comply with Fed. R. Civ. P 45(d) in connection with the requests in the subpoena for electronically stored information. Accordingly,

**IT IS ORDERED** that AFG and Evans' motion to quash is GRANTED IN PART, only in that the materials listed on the privilege log need not be produced at this time, subject to the conditions and reservation of rights set out above. In all other respects, the motion is DENIED and all non-privileged responsive materials, subject to the modifications set out in the preceding paragraph, must be produced within twenty (20) days of entry of this order.

New Orleans, Louisiana, this __10th__ day of July, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE